L. C. CARROLL v. MARTHA AND ISAAC JAMES AND A. L. WILSON.

(Filed 27 September, 1911.)

**Claim and Delivery—Mortgages—Payments—Other Property— Pleadings—Admissions—Burden of Proof—Appeal and Error.**

In defense to an action of claim and delivery of mortgaged property, the defendant contended, among other things, that certain tobacco delivered to the plaintiff, not embraced in the mortgage, was sold by the plaintiff, who retained the proceeds of the sale, except $112, which he paid to a certain agricultural lienor, at the request of the plaintiff. The amount due under this lien was admitted in the pleadings, and, *Held,* error for the trial judge to put upon the plaintiff the burden of proving it. A new trial is ordered, as the record does not disclose whether the jury, in their verdict, allowed plaintiff this as a credit.

APPEAL from *Peebles, J.,* at June Term, 1910, of CARTERET.

This is an action to recover personal property under a chattel mortgage executed by Cæsar James, who is dead. The property was seized under claim and delivery proceedings issued in this action, and delivered to the plaintiff, and sold by him.

The defendants are the administrator of Cæsar James and his grandson. They allege in their answer that a part of the property seized was not embraced in the chattel mortgage; that other parts of the property were bought by the plaintiff, at the sale under the mortgage, for less than its value, and that after the death of Cæsar James, the plaintiff took into his possession

CARROLL v. JAMES.

and sold 5,000 pounds of tobacco belonging to James, and that he retained all of the proceeds of the sale of the tobacco, except $112, which he paid Y. Z. and A. O. Newberry, at the request of the defendants.

The sum of $112 paid to Newberry, at the request of the defendants, out of the proceeds of the sale of the tobacco, was due on an agricultural lien executed by Cæsar James to E. H. and J. A. Meadows, and transferred by them to Newberry.

There was a controversy between the parties as to the amount of property that went into the hands of the plaintiff, its value, and as to the state of the account between them.

The plaintiff, among other things, contended he was entitled to charge against the defendants the sum of $112 paid to Newberry.

The court charged the jury on this contention as follows: "In order for the plaintiff to get credit for the amount of the Meadows mortgage, it was incumbent upon him to show what was due on the Meadows mortgage, because the mortgage was an agricultural lien; it was a promise to advance so much money, and not to exceed so much money, and when the plaintiff saw fit to pay on the Meadows mortgage $112, in order to sustain that payment it was necessary for him to show that Meadows had at that time advanced on that agricultural lien $112, including the interest that was due; there was no interest due on the Meadows claim until 1 November, 1908."

Plaintiff excepts. There was a verdict and judgment for the defendant, and the plaintiff excepted and appealed.

*Simmons & Ward and C. R. Wheatley for plaintiff.*
*Abernethy & Davis for defendant.*

ALLEN, J., after stating the case: The charge of his Honor, placing the burden on the plaintiff to prove the item of $112, is erroneous and entitles the plaintiff to a new trial. It would have been correct but for the fact that the defendants allege in their answer that this sum was paid by the plaintiff out of the proceeds of the sale of the tobacco, at the request of the defendants, and the plaintiff admits this in his reply.

Being a fact admitted by the pleadings, it was not in controversy, and the burden was not on the plaintiff to establish it.

The error was the result of an inadvertence, as is shown by the statement made by the presiding judge, which is attached to the case on appeal. He says that he overlooked the answer of the defendants as to the $112, and that his attention was not called to it.

As the item is admitted, we would direct it to be credited on the amount recovered by the defendants, instead of ordering a new trial, if we had any means of ascertaining the decision of the jury with reference to it; but we cannot say, on the record, that it has not already been allowed, and as the question was submitted to them erroneously, we must order a new trial.

New trial.